IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV96-MU-1

| | |
|---|---|
| RICARDO DARNELL JONES,　　)　 | |
| 　　　　　　　　　　　　　　　) | |
| 　　　Plaintiff,　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　v.　　　　　　　　　　　) | **O R D E R** |
| 　　　　　　　　　　　　　　　) | |
| STATE OF NORTH CAROLINA,　　) | |
| 　　et al.,　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　Defendants.　　　　　　) | |
| _____) | |

　　　This matter is before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. §1983, filed March 21, 2006.

　　　In his Complaint, Plaintiff alleges that the Defendants, the State of North Carolina and Buncombe County, violated his due process rights when the prosecutor at the sentencing phase of his criminal case improperly used a prior conviction to determine his sentencing level. For relief Plaintiff seeks to have this Court release him from prison and award him $ 20,000 in damages for "mental pain."

　　　As an initial matter, neither the State of North Carolina nor Buncombe County are proper defendants. A state is not a proper defendant in a § 1983 action and therefore North Carolina may not be sued under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)(a state is not a "person" under § 1983). In addition, a county is only liable when the alleged unconstitutional action executes governmental policy or custom. See Monell v. Dep't Social Servs., 436 U.S. 658, 690-91 (1978). In the instant case, Plaintiff does not allege that it is the policy or custom of Buncombe County to unlawfully use prior sentences to determine a defendant's sentencing

level.  As such, Plaintiff fails to establish Buncombe County as a proper defendant.

Moreover, even if Plaintiff had named a proper defendant, his claim would still fail.  To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence was (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by a federal court's issuance of a § 2254 writ.  Heck v. Humphrey, 114 S. Ct. 2364 (1994).  If the prisoner cannot make this showing, his claim is not cognizable.  Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, a district court should dismiss the §1983 action.  Id.    In the instant case, Plaintiff has not offered proof that he can satisfy any one of the requirements listed above.

**IT IS THEREFORE ORDERED THAT:** this case is **DISMISSED** for failure to state a claim upon which relief can be granted.

Signed: March 30, 2006

Graham C. Mullen
United States District Judge